Filed 10/14/25  P. v. Lollis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084891 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD304261) |
| WILLIAM LOLLIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2024, William Lollis pled guilty to one count of receiving a stolen vehicle and admitted suffering a prior theft conviction.  The court sentenced Lollis to a three-year term pursuant to the terms of the plea bargain, and required him to serve 18 months of the sentence in county jail, with the remaining 18 months suspended to permit him to be released under mandatory supervision.

Appointed appellate counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 indicating counsel found no arguable issues for reversal on appeal.  Counsel asks us to review the record for error as *Wende* and *Anders* require.  We offered Lollis the opportunity to file his own brief, but he has not done so.

Based on our independent review of the record, we find no reasonably arguable appellate issues for reversal.  We therefore affirm.

I.

Lollis was originally charged with three offenses: (1) receiving a stolen vehicle (Pen. Code, § 496d); (2) driving or taking a stolen vehicle (Veh. Code, § 10851(a)); and (3) possession of tear gas by a felon (Pen. Code, § 22810(a)).  The complaint also alleged that Lollis suffered three prior felony vehicle theft convictions (§ 666.5(a)).

On August 1, 2024, Lollis pled guilty to a single count of receiving a stolen vehicle and admitted suffering a single felony vehicle theft prior in exchange for a sentence of three years in local custody.  As the factual basis for the plea, Lollis admitted: "[I] unlawfully possessed a motor vehicle which had been stolen with knowledge that it had been stolen; and have previously been convicted of felony vehicle theft."

At the plea hearing, the court indicated it would consider "a split of 18 months in and 18 months on mandatory supervision."  "A split sentence is a hybrid sentence in which a trial court suspends execution of a portion of the term and releases the defendant into the community under the mandatory supervision of the county probation department."  (*People v. Avignone* (2017) 16 Cal.App.5th 1233, 1240 [cleaned up].)  Defense counsel noted the court had "also indicated based on proof that [it] might consider a one-year/two-year stint," which the court confirmed it was willing to consider.  The court

indicated it would "consider less time in custody" if "it's true that [Lollis' wife] is pregnant and is going to have a child."

At the September 17, 2024 sentencing hearing, which had been continued from its original August 29 date, defense counsel reminded the court that it had "indicated either a 12 or 18-month split." Defense counsel explained an investigator had reached out to Lollis' wife, but his office had been "unable to get that documentation [i.e., documentation of her pregnancy]." He offered that "[t]here was a fire in their apartment" that had made obtaining the documentation difficult. Counsel requested another continuance, or a sentence of one year in local custody and two years mandatory supervision if the court was to go forward with sentencing.

The court indicated it had originally stated it was "inclined to do an 18-18-month split," and in its view, this particular "split" was "appropriate" in this case. The court agreed with the People that Lollis has a "significant criminal history." Through counsel, Lollis expressed an interest in withdrawing his plea after hearing the court's intention to impose the 18-month split. The court responded such a request would normally require a motion and a "basis for wanting to file a motion," and thus denied Lollis' oral request to withdraw his guilty plea. The court informed Lollis it planned to go forward with sentencing and denied the request for another continuance.

The court sentenced Lollis pursuant to the terms of the plea bargain, setting the sentence at the middle term of three years. The court ordered Lollis to serve 18 months in local custody, and the remainder of the sentence suspended to allow him to be released into the community under mandatory supervision for 18 months.

## II.

Lollis' counsel filed a *Wende* brief setting forth a statement of the case and facts, identifying no grounds for reversal of the judgment, and asking us to independently review the record for error. To assist our review under *Anders*, 386 U.S. at pages 744-745, counsel identified one issue she considered in evaluating the potential merits of this appeal: "Did the court err in refusing to grant appellant a continuance or motion to withdraw the plea?"

We offered Lollis an opportunity to file a personal supplemental brief, but he has not done so.

As required by *Wende* and *Anders*, we have independently reviewed the record, and our review has revealed no arguable issues for reversal on appeal. Competent counsel has represented Lollis in connection with this appeal.

## III.

We affirm.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

RUBIN, J.

4